By the Court.
 

 This is an action for conversion, growing out of the attachment of a certain pipeless furnace at the instance of Andrews, the plaintiff in error, in a suit against one Gassert, wherein Gassert defaulted and a judgment was rendered against him, and the furnace was thereafter sold as his property to satisfy such judgment.
 

 The firm of Trostle
 
 &
 
 McKee claimed the furnace as its property; that it was entitled to the immediate possession of it at the time of the attachment, and instituted this action to recover from Andrews the value of the furnace.
 

 Issue was made and the case was tried to a jury, resulting in a verdict in favor of Trostle & McKee, upon which judgment was rendered, and that judgment was affirmed by the Court of Appeals.
 

 It is shown by the record that Gassert had
 
 *492
 
 signed a printed order, called a “contract between dealer and purchaser,” in which it was stated that -Trostle
 
 &
 
 McKee agreed to furnish and erect upon the premises therein described, in Leipsic, Ohio, a designated pipeless furnace for which Gassert agreed to pay “on completion of installation $225.”
 

 The rights of the parties in this case turn upon the question of whether said furnace had been delivered by Trostle & McKee to Gassert pursuant to the provisions of the contract. That question was submitted to the jury under proper instruction. It was the contention of counsel for plaintiff in error that under the undisputed facts the question became one only of law for the court, and it was further contended that the undisputed facts required a conclusion as a matter of law that delivery to Gassert had been completed and the furnace had become his property and was in his possession at' the time the attachment was issued. However, the record discloses evidence to the contrary, and sufficient to support the verdict of the jury. There is evidence that when Trostle &. McKee attempted to deliver and to erect and install the furnace pursuant to the contract, the excavation of the cellar under Gassert’s home, wherein the furnace was to. be installed, was not completed, and that Trostle
 
 &
 
 McKee thereupon arranged with’the owner of a barn in the vicinity to store the furnace therein, except the register part of the furnace, which was put in Gassert’s home “so that it would not rust.” At that time the furnace was “knocked down— all ready to put up.” There is evidence that at least three trips were made thereafter by a representative of Trostle
 
 &
 
 McKee for the purpose of
 
 *493
 
 erecting and installing the furnace, but that Gassert’s cellar was not ready to receive it, and that was the situation at the time Andrews attached the furnace as the property of Gassert.
 

 There was, therefore, no error upon the part of the trial court in refusing to direct a verdict in favor of the plaintiff, or in the submission of the case to the jury.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.